# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| Scott Smith,<br><br>        Plaintiff,<br><br>v.<br><br>Winona Area Beverage, Inc., and<br>J D Enterprises of Winona, LLC,<br><br>        Defendants. | Case No. 17-cv-3165 (SRN/TNL)<br><br><br><br>**ORDER** |

Padraigin Browne, Browne Law LLC, 8530 Eagle Point Blvd., Suite 100, Lake Elmo, MN 55042, for Plaintiff.

SUSAN RICHARD NELSON, United States District Judge

    This matter is before the Court on Plaintiff's Motion for Default Judgment [Doc. No. 10]. A hearing was held on this matter on May 4, 2018, attended by counsel for Plaintiff. Defendants entered no appearances.

    At the hearing, the Court noted the absence on the docket of a certificate of service for the instant motion.[1] Prior to ruling on the motion, the Court directed Plaintiff's counsel to do as follows: (1) effect service of the Complaint and the default motion on Defendant

---

[1] The Court observed that while Plaintiff's counsel had filed a declaration [Doc. No. 14] indicating that she had effected service by mail to an office address in Winona, Minnesota, she had not filed a certificate of service with respect to the instant motion and its accompanying documents. Moreover, the Court noted that the headquarters of J D Enterprises of Winona, LLC appears to be located in Mankato, Minnesota.

J D Enterprises of Winona, LLC, at its registered office address in Mankato, Minnesota; (2) file the certificates of service on the docket; (3) contact Defendants by telephone to discuss whether they wished to respond to the allegations in the Complaint; and (4) to the extent that Plaintiff seeks attorney's fees in connection with the instant motion, file a well-supported motion for such fees, accompanied by a memorandum and supporting documentation that includes time records, invoices, and receipts in connection with work performed and costs incurred in connection with the instant motion. The Court advised counsel to accomplish these actions within approximately 10 days.

Since the hearing in May 2018, the instant motion has remained pending. Plaintiff's counsel has not filed any submissions on the docket, nor indicated compliance with the Court's directives. Accordingly, Plaintiff's Motion for Default Judgment [Doc. No. 10] is **DENIED** for failure to respond to the Court's directives.

If Smith wishes to voluntarily dismiss this matter, he should so advise the Court. However, within 30 days, if Plaintiff fails to advise the Court of his progress in effecting service of process or his voluntary dismissal of this action, Plaintiff risks the dismissal of this action for failure to prosecute.

**SO ORDERED**.

Dated: February 7, 2019

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge